## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KENNETH SEAGROVES,

      Plaintiff,

v.                                                                      CV 09-1182 WPL

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

### ORDER AUTHORIZING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

THIS MATTER is before me on the Martone Law Firm's (the Firm) Motion requesting that I authorize the payment of $9117.25 in attorney fees pursuant to 42 U.S.C. § 406(b)(1) and Federal Rule of Civil Procedure 60(b). (Doc. 26.) The Commissioner states that he is not a true party in interest and so he declines to assert a position on the Motion. (Doc. 27 at 1.) Having considered the Motion, the Defendant's Response, and the relevant law, I find that the fee is reasonable and will authorize fees in the amount of $9117.25.

### PROCEDURAL BACKGROUND

Kenneth Seagroves applied for supplemental security income and disability insurance benefits in February of 2001. (Doc. 20 at 1.) Mr. Seagroves retained the Firm to assist with his administrative and court proceedings and entered into a contingent fee agreement. (Ex. C.)[1] The agreement allows the Firm to collect up to twenty-five percent of Mr. Seagroves' past-due benefits for representation before the district court.[2] (Id. at 2, 3.) The Administrative Law Judge (ALJ)

---

[1] All cited exhibits are attached to Doc. 26 in cause CV 09-1182.

[2] The most recent agreement limits the total amount of all fees payable to the Firm to no more than twenty-five percent of past-due benefits. (Ex. 3 at 3.) I have previously admonished this Firm for the

denied Mr. Seagroves' disability application three separate times, once upon remand by the Appeals Council and once upon remand by the court.[3]  (Doc. 20 at 1.)  The application was again remanded by me on July 26, 2010.  (Doc. 20.)  I awarded the Plaintiff $3349.80 for attorney's fees and expenses under the Equal Access to Justice Act (EAJA).  (Doc. 24.)  Upon the third remand, the ALJ issued a fully favorable decision.  (Doc. 26 at 1; Ex. A at 1.)  Specifically, the ALJ found that Mr. Seagroves became disabled on November 29, 2000 and that he became entitled to benefits in May of 2001.  (Ex. A at 10; Ex. B at 2.)

As permitted by 28 U.S.C. § 406(b), the Social Security Administration (SSA) withheld $19,117.25 of past-due benefits for attorney's fees.  (Ex. B at 3.)  The Notice of Award states that the amount withheld generally represents twenty-five percent of past-due benefits.  (*Id.*)  The Firm concludes on this basis that the total past-due benefits accumulated for Mr. Seagroves is $76,469.00, and the Commissioner does not dispute that conclusion.  (Doc. 26 at 2, 3; Doc 27 at 4 n. 1.)  The Firm has acknowledged that, out of the total amount withheld, they have already been awarded $10,000, less an $83 user fee, by the SSA for administrative representation pursuant to 42 U.S.C. § 406(a).

## LEGAL STANDARDS

When a judgment favorable to a social security claimant is rendered by a court or by an ALJ, and the claimant was represented by counsel in the proceedings, a court may allow "a reasonable

---

language of its contingent fee agreement, which I found to be potentially confusing to the Firm's clients. *C'DeBaca v. Astrue*, No. CV 09-0579 WPL (D.N.M. Nov. 23, 2010), Doc. 27 at 5 n. 4.  I appreciate that the Firm altered its contingent fee agreement by 2010 to make the fee amount that may be available for work before the district court much clearer.  (Ex. 3 at 3.)

[3] Following the first order granting a motion to remand issued by the court, Judge Puglisi awarded the Plaintiff $3226.50 for attorney's fees and expenses under the Equal Access to Justice Act. *Seagroves v. Astrue*, Civ. No. 07-216 RLP (D.N.M. Oct. 17, 2007), Doc. 21.

fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."  42 U.S.C. § 406(b)(1)(A).  While fees under EAJA are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits.  *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008).  If fees are awarded under both statutes, the attorney is required to refund the lesser of the two awards to the claimant. *Id.* at 934 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006)).

 Section 406(b) does not prohibit contingency fee agreements, but it does render them unenforceable to the extent that they provide for fees over twenty-five percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  It further requires that the court act as "an independent check" to ensure that fees are reasonable in each specific case despite the percentage of the award, because there is no presumption that twenty-five percent is reasonable. *Id.* at 807.  The attorney for the successful claimant bears the burden of demonstrating "that the fee sought is reasonable for the services rendered." *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808.  A court may find reason to reduce the fee amount below twenty-five percent where (1) the character of the representation and the results achieved by the representation were substandard; (2) the attorney is responsible for delaying the pending case and causing benefits to accrue; or (3) "the benefits are large in comparison to the amount of time counsel spent on the case . . . ." *Id.* at 808.  Further, while there is no statutory deadline for requesting fees, *see* 42 U.S.C. § 406(b), the Tenth Circuit requires that a fee request "be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

To assist with the reasonableness determination, some courts have ascribed to a six-factor test. *See McGuire v. Sullivan*, 873 F.2d 974, 979, 981 (7th Cir. 1989); *Blankenship v. Schweiker*, 676 F.2d

3

116, 118 (4th Cir. 1982).  The six factors include "time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases." *McGuire*, 873 F.2d at 983 (quoting *Blankenship*, 676 F.2d at 118).  While the Tenth Circuit has mentioned these factors in past decisions, the court has explicitly noted that it has never "required a detailed discussion of each *McGuire* factor to justify a fee award." *Gordon   v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (unpublished) (citing *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008)).

### REASONABLENESS DETERMINATION

Numerous factors weigh in favor of granting the Firm the entire fee requested.  First, the $9117.25 fee requested represents about twelve percent of the total past-due benefits and thus does not exceed the statutory cap.  Only when combined with the $10,000.00 fee awarded by the ALJ under 28 U.S.C. § 406(a) and once the two EAJA fees are returned will the total fee award constitute twenty-five percent of the past-due benefits.[4]  Second, there is no indication that Mr. Seagroves would have been successful in these proceedings without the Firm's assistance, and the result eventually attained was completely successful.  Third, though the proceedings lasted ten years, there is no indication that the Firm caused any delay in this case.  Fourth, I have previously recognized the Firm's proficiency in this area of the law, *see C'DeBaca*, No. CV 09-579 WPL, Doc. 27 at 7 (citations omitted), and Gary Martone's affidavit supports my conclusion that the Firm is extremely experienced in social security law.  (Ex. 4 at 1-2.)  Fifth, this case required a great deal of work by the Firm, including multiple hearings before the ALJ and two motions to remand before this Court.  Sixth, the fees requested are not large in comparison to the time spent representing Mr. Seagroves

---

[4] This is the maximum amount allowed by the 2010 fee agreement between the Firm and Mr. Seagroves.  (Ex. 3 at 3.)

before the district court.  (*See* Doc. 4 at 3-6.)  The Firm spent 38.65 hours related to the district court proceedings, only four of which were administrative.  (*Id.* at 6.)  While Mr. Martone indicated that the Firm does not charge an hourly rate, the requested fee amount equates to approximately $263.12 per hour,[5] which is not unreasonable.  *See Gordon*, 361 F. App'x at 936 (authorizing an award of $300 per hour); *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (authorizing an award representing $510.25 per hour and noting that fee awards translating to up to $701.75 per hour have been authorized in this district).  Finally, the Firm filed its Motion requesting fees within a reasonable time – one month – of the date of the Commissioner's Notice of Award.  All of these factors combined evince the reasonableness of the Firm's fee request.

### CONCLUSION

For the foregoing reasons, I grant the Firm's Motion for an Order Authorizing Attorney Fees, brought pursuant to 42 U.S.C. § 406(b)(1) and Federal Rule of Civil Procedure 60(b)(6), and order that the Firm be awarded $9117.25 for the representation of Mr. Seagroves before the district court. The Firm is ordered to refund the two EAJA awards to Mr. Seagroves.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

---

[5] This hourly rate was calculated based on the attorney hours expended on the case and so it does not include any compensation for the four administrative hours worked.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          5